## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
| 425 Third Street, SW, Suite 800 | ) | |
| Washington, DC 20024, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE | ) | |
| The Executive Office | ) | |
| Office of the Legal Adviser, Suite 5.600 | ) | |
| 600 19th Street NW | ) | |
| Washington, DC 20522, | ) | |
| | ) | |
| *Defendant*. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of

State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As

grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B)

and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization

incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability,

and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff

regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to

inform them about "what their government is up to."

4.      Defendant U.S. Department of State ("DoS") is an agency of the United States

government.  Defendant has possession, custody, and control of records to which Plaintiff seeks

access.  Defendant is headquartered at 2201 C Street NW, Washington, DC 20520.

## STATEMENT OF FACTS

5.      On April 24, 2017, Plaintiff submitted a FOIA request to the DoS seeking the

following:

> Records reflecting the number of refugees to the United States from the
> country of Afghanistan who have returned to Afghanistan permanently after
> efforts to resettle them in the United States.
>
> Records reflecting the number of refugees to the United States from the
> country of Iraq who have returned to Iraq permanently after efforts to resettle
> them in the United States.
>
> Records reflecting the number of refugees to the United States from the
> country of Somalia who have returned to Somalia permanently after efforts to
> resettle them in the United States.

The time frame for these requests was 2003 through the present.

6.      On May 15, 2017, State confirmed in writing that Plaintiff's request had been

received and assigned FOIA Control No. F-2017-11206.

7.      As of the filing of this Complaint, Defendant has failed to: (i) produce the

requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to

produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may

appeal any adequately specific, adverse determination.

**Count 1 – Violation of FOIA, 5 U.S.C. § 552**

8.      Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9.      Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

10.      To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests no later than thirty (30) business days after receipt by the appropriate office.  Accordingly, Defendant's determinations would have been due by about July 19, 2017 at the absolute latest.   At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination; and (iv) make the records available promptly thereafter.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

11.      Because Defendant failed to make a substantive, appealable determination of whether to comply with Plaintiff's request within the time period required by FOIA for all components, Plaintiff is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-

exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: May 29, 2018                              Respectfully submitted,

                                                  *s/ Chris Fedeli*
                                                 Chris Fedeli
                                                 DC Bar No. 472919
                                                 **JUDICIAL WATCH, INC.**
                                                 425 Third Street SW, Suite 800
                                                 Washington, DC 20024
                                                 cfedeli@judicialwatch.org
                                                 (202) 646-5172

                                                 *Counsel for Plaintiff*